IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY W. KEITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 11-0016-CG-M |
| | ) |
| **HIGMAN BARGE LINES, INC.,** | ) |
| formerly Maryland Marine Services, | ) |
| Inc., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The plaintiff having failed to respond to this court's order dated January 3, 2012 (Doc. 41) and to comply with the Rule 16(b) Scheduling Order issued on July 12, 2011 (Doc. 18), and upon consideration of the alternatives that are available to the court, it is **ORDERED** that this action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's willful failure to comply with the court's orders and to prosecute this action. See Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1836, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution).

In light of the court's dismissal if this action, the defendant's motion to compel (Doc. 38) is hereby deemed to be **MOOT**; however, the court will consider defendant's motion for an award of reasonable attorney's fees and expenses contained in the motion to compel in relation to its efforts to obtain discovery and comply with the Rule 16(b) Scheduling Order.  If the defendant intends to pursue it

motion for attorney's fees and expenses, an affidavit and any supporting documents must be filed **no later than February 23, 2012**; otherwise, the motion will be deemed to be moot as of February 23, 2012 without further order from the court.

**DONE and ORDERED** this 2nd day of February, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE